Charles Marks, J.
Plaintiff commenced this action for a declaratory judgment to obtain a judicial determination of the liability, if any, of plaintiff to defendants Henry D. Cohen, Mervin ■ J. Cohen and defendant Elizabeth A. Halls under the policy of insurance issued by plaintiff to defendant Mervin J. Cohen and also to obtain a determination as to whether the defendant Henry D. Cohen is entitled to be covered under the policy issued by defendant Liberty Mutual Insurance Company to defendant Sigrid M. Wendt.
On January 4,1962, as a result of negotiations previously had between defendant Henry D. Cohen and defendant Wendt, a memorandum was prepared by a friend of defendant Wendt which reads as follows: “ Received January 4, 1962 from Miss Sigrid Wendt for sale Volkswagen, 1961 Model Iden. #Serial No. 5583419, Tab No. 161305. I am accepting car as is, and *258 assume full responsibility for all damages and expenses incurred in accepting car this day, January 4, 1962. I will pay the total amount of $1450, One Thousand Four Hundred and Fifty Dollars. I will accept all liability as of January 4, 1962. The balance of One Thousand Four Hundred and Fifty Dollars is due March 30, 1962. Signed and witnessed January 4, 1962. Received ”.
This memorandum was signed by defendant Henry D. Cohen and witnessed by defendant Elizabeth A. Halls. The keys to the Volkswagen mentioned in said memorandum as well as the New York automobile registration papers of said Volkswagen, were then delivered to Henry D. Cohen by Wendt. Defendant Wendt however did not sign that part of the registration papers which transferred ownership from said defendant Wendt to Henry D. Cohen. Testimony is that said defendant Wendt stated she would transfer the registration ownership to defendant Henry D. Cohen when she received full payment for the car. That same evening, Henry D. Cohen drove off with the Volkswagen. He had not as yet made any payment for the car. The following day, January 5,1962, defendant Henry D. Cohen gave to defendant Wendt his check in the sum of $900 leaving a balance of $550 to complete the purchase price of said automobile. On the evening of Friday, January 5, 1962, defendant Henry D. Cohen while driving this said Volkswagen with defendant Elizabeth A. Halls as a passenger and in the vicinity of North Salem, New York met with an accident as a result of which the Volkswagen was overturned and damaged and defendant Elizabeth A. Halls claims to have received personal injuries. Both insurance companies, plaintiff and defendant Liberty Mutual Insurance Company were duly notified of the said accident. The defendant Liberty Mutual Insurance Company received what is known as an MV 104 report signed by Henry D. Cohen and the claim was made by defendant Mervin J. Cohen upon the plaintiff for collision insurance coverage under Mervin J. Cohen’s policy with plaintiff.
The balance of $550 hereinbefore mentioned was never paid by defendant Henry D. Cohen to defendant Wendt. An action was subsequently commenced by Elizabeth A. Halls to recover for personal injuries against defendants Wendt and Henry D. Cohen. Defendant Liberty Mutual Insurance Company has declined to furnish any defense to Henry D. Cohen in the action commenced against him by Elizabeth A. Halls.
Under the Liberty Mutual policy of insurance issued to Sigrid M. Wendt there was no collision insurance coverage.
*259 The policy, however, did provide as follows:
“ The following are insureds under Part I
“ (a) With respect to the owned automobile “ (1) the named insured and any resident of the same household,
“ (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured ”.
The policy of insurance with respect to collision coverage of the plaintiff insuring the defendant Mervin J. Cohen contains the following clause:
Under Part III — Physical Damage — the policy covered payments for collision (Coverage E) in that plaintiff agreed as follows:
“ ‘ Coverage E. — Collision:
‘1‘ To pay for loss caused by collision to the owned automobile or to a non-owned automobile but only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto.’ ”
The defendant Henry D. Cohen is the son of Mervin J. Cohen, the insured under plaintiff’s policy.
'The basic issue to be decided by this court is whether or not the defendant Henry D. Cohen became the owner of said Volkswagen and was the owner of said automobile at the time of the happening of the accident on January 5, 1962. The evidence is that the defendant Mervin J. Cohen, on January 5, 1962, was the owner of a large Chrysler Windsor two-door hardtop automobile which was covered by full insurance by plaintiff the Fidelity & Casualty Company of New York.
It i-s undisputed that prior to January 4, 1962, the defendant Sigrid M. Wendt was the owner of a 1961 Volkswagen automobile and that other than collision insurance, said defendant was covered by a policy of insurance with the Liberty Mutual Insurance Company. Said policy of insurance was not cancelled by defendant until sometime at the end of January, 1962, at which time, said defendant also removed the license plates from said automobile. At the time the memorandum of January 4, 1962 was signed, there was a discussion concerning the manner in which payment would be made of the said $1,450 and defendant Henry D. Cohen stated that he had only $900 and that he would try to pay the said balance by the following week notwithstanding the fact that the memorandum stated that balance would become due-on March 30, 1962. There was no talk about insurance at the time of the signing of this memorandum nor were any restrictions placed upon the actual delivery of the auto *260 mobile to said defendant Henry D. Cohen. In delivering the registration papers and keys to the Volkswagen to defendant Henry D. Cohen defendant Wendt refused to transfer the registration which would have required the signature of the defendant Wendt showing that her rights to the automobile were disposed of and at the same time, she left certain of her personal effects in the automobile.
In the opinion of this court, all the facts as brought out at the trial show a future promise to pay the sum of $1,450 by defendant Henry D. Cohen and a promise to give title to the Volkswagen only when such amount was paid. This memorandum is inartificially drawn and is so ambiguous that we must of necessity refer to the testimony in the case to arrive at a conclusion as to what the intentions of the parties were at the time of the signing of this memorandum.
I find therefore that defendant Sigrid M. Wendt never intended to transfer title and ownership of said Volkswagen until she received full payment for the same. That intention is further evidenced by the fact that she did not make any attempt to cancel her insurance on the automobile or remove the plates from the automobile or remove her personal belongings from the automobile.
There can be no question but that the said Volkswagen was at the time of the accident being operated by defendant Henry D. Cohen with the permission of the defendant Wendt. Accordingly, I find that defendant Henry D. Cohen was covered under said subdivision (2) of Part I of the policy of insurance issued to defendant Wendt by Liberty Mutual Insurance Company with respect to bodily injury and property damage. Therefore, the cross complaint of defendant Wendt against Henry D. Cohen is dismissed. Plaintiff is entitled to judgment declaring that there is no insurance coverage available to Henry D. Cohen under plaintiff’s family automobile policy by reason of the accident on January 5,1962 with respect to bodily injury liability and property damage liability (Coverage A and Coverage B under Part I of said policy issued to Mervin J. Cohen), except as to excess insurance under said policy.
With respect to collision insurance (Coverage E under Part III of said policy), it is herein determined that defendants Mervin J. Cohen and Henry D. Cohen are covered.
This action is dismissed as against the other defendants. This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act and proposed judgment is to be submitted in accordance with this decision.